IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Andres L. Glenn, <br><br>     Plaintiff, <br><br>  vs. <br><br>Marlen, <br><br>     Defendant. | Civil Action No. 1:20-cv-1692-CMC <br><br>**ORDER** |

  This matter is before the court on Plaintiff's Complaint filed April 27, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On April 30, 2020, the Magistrate Judge entered two orders, citing deficiencies in Plaintiff's Complaint and allowing an opportunity for amendment and directing Plaintiff to provide proper service documents. ECF Nos. 4, 5. A letter was received from Plaintiff in response, which consisted of only the NEF and pages of the Magistrate Judge's Order. ECF No. 7. A proposed summons was received, but it included a different defendant's name and did not have the necessary information to serve. On May 27, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a letter in response containing the Report and one page of handwriting, which states, with errors, "I am suwing Miss Bessey for using my socails sucrity number I want her to be investigated for $100 and 50 million of carson community cent Blythewood, SC that where I am at. I am paying $9 Dollars on Marlen case and I am suwing lance Tucker for selling my land to Kroger 3 hundred

[illegible]." ECF No. 14. Plaintiff filed a second letter, stating only "Marlen was giving out medication in the next room when I ask her if she was giving out medican she told no when I went in their she was that why I am suwing her for $50 million dollar." ECF No. 16 (errors in original).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's letter, construed as objections for the purpose of this order, are nonsensical and appear to be unrelated to the claim in his original Complaint in this matter, except for one sentence in the first letter where he references paying "on Marlen case." His second letter, while more on topic, does not establish a basis for legal liability or subject matter jurisdiction in this court, and does not object to any precise portion of the Report. These objections are largely non-specific and

2

mostly unrelated to this case; therefore, *de novo* review is not required.[1]  After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation this matter should be dismissed.  Plaintiff has failed to prosecute his case and has failed to establish subject matter jurisdiction in the federal court.  Accordingly, the court adopts the Report by reference in this Order.  This matter is dismissed without prejudice and without issuance and service of process.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 30, 2020

---

[1] Even if the court performed *de novo* review, it is clear this Complaint cannot survive.

[2] The Report recommends dismissal with prejudice on page 8 and without prejudice on page 4.  In these circumstances, this court finds that dismissal without prejudice is appropriate.

3